VAC-PAC, INC. and MARYLAND CASUALTY COMPANY *v.* Vernon P. SIMPSON and SOUTHERN FARMER'S ASSOCIATION et al

CA 79-42                 595 S.W. 2d 690

Opinion delivered January 30, 1980
Petition for Review denied March 3, 1980
Released for publication March 17, 1980

*Mays & Murray,* by: *Walter A. Murray,* for appellants.

*Barron, Coleman & Barket,* by: *Gary P. Barket* and *Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellees.

ERNIE E. WRIGHT, Chief Judge. Vac-Pac, Inc., and its insurer bring this appeal from an order of the Workers' Compensation Commission awarding appellee Vernon P. Simpson 30% permanent partial disability to the body as a whole and necessary and reasonable medical expenses. The award allocated responsibility for 20% of the permanent disability incident to claimant's two back injuries occurring in 1975 and 1976, together with reasonable medical expenses, against Southern Farmer's Association, and responsibility for 10% of the permanent partial disability was awarded against the appellant Vac-Pac, claimant's subsequent employer, along with reasonable and necessary medical expenses incurred as a result of what the Commission found was an aggravation of a prior injury suffered on June 20, 1977 in the course of claimant's employment by Vac-Pac. The Administrative Law Judge found no additional permanent partial disability incident to the June 20, 1977 injury at Vac-Pac.

The decision from which the appeal stems also remanded the case to the Administrative Law Judge for further determination of appellee's claim filed in February 1979, in which he alleges that subsequent to the award of the Administrative Law Judge on September 29, 1978, he became further unable to work, has incurred further medical expenses and claims the following additional benefits:

Temporary total disability, permanent partial disability, medical expenses, replacement of back brace, and attorney fees.

Southern Farmers Association, one of the appellees, announced at the hearing before the Administrative Law Judge it accepted liability for 20% permanent disability to the body as a whole and medical expenses incident to the 1975 and 1976 back injuries sustained by claimant in the course of employment by Southern Farmer's and for which he had surgery, and was fitted with a back brace. Claimant testified at the hearing on June 2, 1978, that on June 20, 1977 while working for Vac-Pac he felt a sharp pain in his back when he "reached to move" a steel mold a quarter of an inch. At the time of the alleged third injury, he was still under the care of

Dr. Adametz for his 1975 and 1976 injuries and was being seen by the doctor every four to six weeks. Claimant continued working after the June 20, 1977 incident. The doctor was unable to find any clinical evidence of injury resulting from the June 20, 1977 incident. He was laid off soon after the incident and next went to work for Freshour, a contractor. He further testified that around Labor Day 1977 he sat down in a recliner at home and when he got up he went down to the floor with pain in his back and legs. He was hospitalized in December 1977 and was placed in a body cast for a few days. He testified he had experienced pain in his lower back and legs continually since November, 1975 after his first injury and the pain was greater after the second injury. He has taken muscle relaxers ever since the second injury, and stated his condition was essentially the same at the time of the hearing as it was prior to the incident at Vac-Pac.

Vac-Pac contends the incident on June 20, 1977, while claimant was in its employ, was a recurrence of the prior injuries claimant sustained and that there were other intervening causes associated with his present complaints.

Claimant had been working fifty to seventy hours per week for Freshour some ten weeks at the time of the hearing before the Law Judge on June 2, 1978.

Appellant Vac-Pac and its insurer assert the following points for reversal:

## I.

The facts found by the Commission do not support the order or award.

## II.

There is not sufficient, competent evidence in the record to warrant the making of the order or award.

## III.

The Commission acted without or in excess of its powers.

We find the following facts in the record require a reversal of the Commission's decision and that these issues are adequately raised by the points asserted for reversal.

There is no medical evidence in the record indicating claimant has more than 20% permanent partial disability to the body as a whole, the report by the clinical psychologist dated August 31, 1977 gives the history of claimant's 1975 and 1976 injuries, but makes no mention of any injury of claimant while in the employ of Vac-Pac, and the claimant admitted at the hearing his condition was essentially the same as it was prior to the incident he described as occurring at Vac-Pac on June 20, 1977. The appellee's supplemental claim filed in February, 1979, after the decision of the Law Judge, alleges he became further unable to work and seeks an increased award. Without a further evidentiary hearing, the Commission on April 10, 1979, through its executive director, wrote respective counsel the "Commission preferred to consider the new petition before or simultaneous with its decision on appeal and the new petition would be treated as a petition to remand." Thereafter on June 1, 1979, the Commission issued its opinion making the award above indicated and also remanding the claim for a consideration of the merits of the new request for benefits.

In view of the pendency of the supplemental claim seeking broad increased benefits and the decision of the Commission to remand the case for consideration of the supplemental claim on the merits, and the lack of objective medical findings of additional disability of claimant arising out of the June 20, 1977 incident or injury sustained while claimant was in the employ of Vac-Pac, we hold it was error in the state of the record for the Commission to make a final determination and award of permanent partial disability to the body as a whole in excess of the 20% accepted by Southern Farmer's and to award attorney fees on the additional award. In view of the remand for further hearing, which we think was proper, the determination of whether the incident resulted in additional disability of the claimant, and if so, the extent thereof, which medical expenses incurred on or after June 20, 1977 were treatment for his new injury and which were a result of his two prior injuries, and all other relevant factors

should be determined after further evidence is taken on remand.

We reverse the decision and award of the Commission with instructions the entire case be remanded to the Law Judge for a determination of all issues after the completion of further evidence.

PENIX, J., dissents.

MARIAN F. PENIX, Judge, dissenting. The majority opinion is contrary to the concept and spirit of the Arkansas Workers' Compensation Act and its interpretation by the courts from its beginnings in 1940 to the present.

The legislature intended speedy relief for deserving workers with job-related injuries and has directed this court give appeals from Workers' Compensation cases precedence over all other civil cases. Ark. Stat. Ann. § 81-1325(b).

Here, the claimant Vernon P. Simpson, has been plagued with job-related back injuries dating back to 1975 when he was employed by appellee Southern Farmers' Association. After treatment he returned to work for Southern but was reinjured and did not again work for Southern. He was unable to work again until released by his neurosurgeon, Dr. John Adametz, who examined claimant on April 8, 1977 and fixed his permanent residual disability at 20% to the body as a whole and instructed the claimant to continue to use his back brace indefinitely. The claimant did not return to his employment with Southern Farmers, but went to work for appellant Vac-Pac in June 1977. A short time later, while working for Vac-Pac, his back again disabled him June 20, 1977, and there is substantial evidence for the finding of the Workers' Compensation Commission that this was a reinjury chargeable to Vac-Pac and not a recurrence chargeable to Southern Farmer's.

Approximately four years after claimant's first injury at Southern Farmer's, an opinion of the Workers' Compensation Commission on June 1, 1979 ordered Southern Farmer's to pay claimant medical expense for the early back injuries while claimant worked for Southern Farmer's plus 20% permanent partial disability to the body as a whole. Vac-Pac

was ordered to pay an additional 10% for the latest injuries incurred while claimant worked for Vac-Pac.

During the pendency of appeal the claimant's attorney had filed a petition for a change of physicians (to which claimant could be entitled *only* if his healing period had not ended. Rule 21 of the Workers' Compensation Commission), and for continuation of temporary total disability. There was no new evidence of continued temporary total disability. A letter from Dr. Wilbur Giles, an associate of Dr. Adametz, discharged claimant as of September 7, 1977, although there were subsequent reports of continued back problems.

Although there was no new evidence, the Commission, in its opinion, remanded the claim for continued temporary total disability and a change of physicians to the administrative judge for consideration.

Vac-Pac and Maryland Casualty ingeniously have argued that the remand nullifies the Commission's opinion of June 1, 1979 because Ark. Stat. Ann. § 81-1323(b) requires that the Commission had to receive and consider the administrative judge's findings regarding the change of physicians and additional temporary total disability *before* any decision or award "in such case".

"In such case" obviously refers to the change of physicians and additional temporary total disability. It does not direct further delay of *any* award on the pending claim.

The majority opinion needlessly now will require the Commission to re-write its opinion of June 1, 1979, inserting therein what it deems relevant from the administrative judge's new findings.

Workers' Compensation claims remain ongoing until barred by limitations. Ark. Stat. Ann. § 81-1326 permits modification of awards because of a change in the physical condition of a claimant.

The Supreme Court reversed us only two weeks ago for trying to impose strict rules of law upon the Workers' Compensation Commission.

First, the compensation law provides that the Commission is not bound by technical rules of evidence or *procedure,* but may "conduct the hearing in a manner as will best ascertain the rights of the parties." *St. Paul Ins. Co. and American Burger Systems, Inc.* v. *Deborah Touzin,* 267 Ark. 539, 592 S.W. 2d 447 (1980).

To me, the majority opinion is violative of the *Touzin* mandate. I would affirm the decision of the Workers' Compensation Commission.